565 P.2d 1378

The STATE of Idaho, Plaintiff-Respondent,

v.

Armando CORONADO, Defendant-Appellant.

Nos. 12133 and 12136.

Supreme Court of Idaho.

June 28, 1977.

**422**

Donald A. Ronayne, Rayborn, Rayborn & Ronayne, Twin Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

These are consolidated appeals by defendant Armando Coronado from his conviction of voluntary manslaughter and from the denial of his motion for post conviction relief. The sole issue on appeal is whether the denial by the trial court of Coronado's pretrial motion for a free transcript of the preliminary hearing was prejudicial error.

Coronado was charged by an information with voluntary manslaughter, *viz.* the killing in the heat of passion of Salomon Ruiz in the Chateau Bar in Twin Falls on July 14, 1974. The preliminary hearing lasted two days and the state presented several witnesses. After the defendant was bound over, his court appointed attorney filed a motion in the district court requesting that the defendant be furnished a preliminary hearing transcript and, in a subsequent letter to the trial judge, emphasized the importance of this transcript to the defense. He stated that he would like to examine the testimony of several of the witnesses to find weaknesses and inconsistencies in the state's case. The trial judge, who had not presided at the preliminary hearing and presumably was not familiar with the record of those proceedings, ruled that the cost of the preliminary hearing transcript, when weighed against the possible assistance it might give the defendant's case, would not be justified. However, the court did allow the defendant a transcript of the testimony of one of the state's key witnesses.

A jury trial was held on August 26 through 28, 1975. The prosecution relied entirely upon circumstantial evidence in establishing its case against the defendant. None of the witnesses who testified at trial saw Coronado shoot the victim, and the murder weapon was not produced. The jury found the defendant guilty.

The defendant filed a notice of appeal from his conviction and subsequently filed a motion for post conviction relief, alleging that the denial of a transcript of the preliminary hearing at public expense was a violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution. The district court judge who presided over Coronado's motion for post conviction relief had not presided at his trial. The judge held that the defendant must have shown specific prejudice resulting from the denial of a transcript of the preliminary hearing, and having failed to do so, the court denied the motion.

We state at the outset that the trial court erred in denying the defendant's initial request for a transcript of the preliminary hearing at public expense. The Idaho statutes and criminal rules in effect at the time of Coronado's motion for a transcript of the preliminary hearing clearly establish that he had a right to that transcript. I.C. § 19–812 provides:

"19–812. *Transcript of preliminary examination.*—In all cases which must afterward be investigated by the grand jury, or prosecuted by information, the preliminary examination *must be taken and duly transcribed as herein provided,* unless the person charged with the offense shall waive his right to such examination, and the same can not be unreasonably delayed by either party.

"A verbatim record of the proceedings and evidence at the preliminary examination before a magistrate shall be maintained either by electrical devices or by stenographic means as the magistrate may direct, but if any party to the action requests stenographic reporting of the proceedings, the reporting shall be done stenographically. The requesting party shall pay the costs of reporting the proceedings.

"The opening statements and closing argument of counsel for the parties need not be transcribed and made a part of the transcript unless the transcription of the same is requested in advance by either of such parties.

"The transcript of the proceedings and evidence at the preliminary examination shall be certified to as true and correct by the stenographer or by the person designated to transcribe the proceedings from the electrical devices." (Emphasis supplied).

I.C. § 19–852, relating to the right of an indigent to counsel, provides that an indigent is entitled to "the necessary services and facilities of representation (including investigation and other preparation)." While the parameters of the right of a criminal defendant under the statute to pretrial services and facilities is not particularly defined, *cf. State v. Powers,* 96 Idaho 833, 537 P.2d 1369 (1975); *State v. Dillon,* 93 Idaho 698, 471 P.2d 553 (1970), *cert. denied* 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971), a transcript of the preliminary hearing, when alleged to be necessary to the defense, must certainly be included among those services and facilities provided by the state under the statute. That conclusion is further mandated by Idaho Criminal Rule 5.1, relating to preliminary hearings, which provides in part:

"*Rule 5.1. Preliminary examination.*—

. . . .

"(d) Transcript of Proceedings. . . .

"(4) In the event that the defendant is indigent and cannot pay for the cost of such transcript or copy of record made by a recording device upon a proper showing to the district court, an order shall be entered that the transcript shall be prepared at the cost of the county.

" . . . .."

We believe that the phrase "upon a proper showing [by an indigent defendant] to the district court" as used in Idaho Criminal Rule 5.1(d)(4) refers to the timeliness of the defendant's request for a transcript, and also to an allegation of need of the transcript for the preparation of a defendant's case, so that the state may be spared the expense if the defendant intends to plead guilty or otherwise proceed without use of a preliminary hearing transcript. The motion for preparation of a preliminary hearing transcript filed by the defendant's attorney in this case satisfies these criteria. The failure to provide the defendant with the preliminary hearing transcript which he requested was prejudicial error under the foregoing Idaho rules and statutes.[1]

---

1. It is clear from the opinion of the United States Supreme Court in *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), upon which the state relies in support of its argument that any error in this case is harmless, that the defendant in making his request for a preliminary hearing transcript need not particularize his need. As the court stated:

"We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case." 404 U.S. at 228, 92 S.Ct. at 434.

The judgment of the district court in No. 12133 is reversed and remanded for a new trial. Our decision renders moot any ruling on the post conviction relief proceeding, No. 12136.